**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Juraj Sipko, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                              *Plaintiff,*

      *- against -*

Norbert Kocan,

                             *Defendant.*
-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Juraj Sipko ("Plaintiff" or "Sipko"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendant Norbert Kocan (the "Defendant"), and states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit seeking recovery, for herself and all other similarly situated individuals, against Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216

(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF JURAJ SIPKO**

6. Plaintiff Sipko was employed as a general laborer and manual worker at Defendant's construction company located at 2348 East 2nd St. Brooklyn, NY 11223 ("N.K. Construction") from on or around September 2013 to, through and including February 2021.

7. Plaintiff Sipko was employed as a non-managerial employee at N.K. Construction from on or around September 2013 to, through and including February 2021.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT NORBERT KOCAN**

9. Defendant Norbert Kocan is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

10. Defendant Norbert Kocan is sued individually and in his capacity as an owner, officer and/or agent of N.K. Construction.

11. Defendant Norbert Kocan possesses or possessed operational control over N.K. Construction, or controlled significant functions of N.K. Construction.

12. Defendant Norbert Kocan determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

13. At all times relevant to this Complaint, Defendant Norbert Kocan was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

## FACTUAL ALLEGATIONS

14. Plaintiff and other similarly situated individuals are individuals who have worked for Defendant in similarly-titled, hourly paid position, during the statutory period.

15. Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

16. Plaintiff was an employee of Defendant.

17. Plaintiff worked as a general laborer and manual worker at Defendant's construction company known as "N.K. Construction" from on or around September 2013 to, through and including February 2021.

18. At N.K. Construction, Plaintiff regularly worked in excess of forty (40) hours per week.

19. From approximately September 2013 to, through and including February 2021, Plaintiff worked five (5) days per week as follows: from approximately 7:00 a.m. to 4:00 p.m. or 5:00 p.m., (*i.e.,* approximately 9 or 10 hours each day), for a total for a total period of approximately 45 to 50 hours during each of the weeks, respectively.

20. From approximately September 2013 to, through and including July 2016, Defendant paid Plaintiff a flat daily salary of $150 per day.

3

21. From approximately August 2016 to, through and including February 2021, Defendant paid Plaintiff a flat daily salary of $160 per day.

22. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

23. Defendant did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

24. Defendant did not give any notice to Plaintiff, in English (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

25. At all relevant times, Defendant did not pay Plaintiff at the rate of one and one-half times Plaintiff's hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to general laborers and manual workers) employed by Defendant on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

27. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

28. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

29. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

**FIRST CLAIM**
**(FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)**

30. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

31. Defendant willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

32. Defendant has failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

33. Due to Defendant's violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendant, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

**SECOND CLAIM**
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)**

34. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

35. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

36. Defendant was required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

37. Defendant failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

38. Defendant willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

39. Due to Defendant's willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

40. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

41. Defendant willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

42. Defendant has failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

43. Due to Defendant's violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendant, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

44. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

45. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

46. Under the NYLL and supporting NYDOL Regulations, Defendant is required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

47. Defendant failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

48. Defendant willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

49. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

50. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

51. Defendant willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread

over more than ten (10) hours.

52. By Defendant's failure to pay Plaintiff spread-of-hours pay, Defendant willfully violated §650 *et seq*. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

53. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

54. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

55. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

56. In violation of NYLL §195 (1), Defendant failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

57. Due to Defendant's violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

58. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

59. With each payment of wages, Defendant failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

60. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendant as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and

|     |     |
| --- | --- |
|     | appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs; |
| d.  | declaring that Defendant violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations; |
| e.  | declaring that Defendant violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations; |
| f.  | declaring that Defendant violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations; |
| g.  | declaring that Defendant violated the notice statement pay provisions of the NYLL and WTPA; |
| h.  | declaring that Defendant violated the timely pay provisions of the NYLL; |
| i.  | awarding Plaintiff unpaid minimum wages; |
| j.  | awarding Plaintiff unpaid overtime wages; |
| k.  | awarding Plaintiff unpaid spread-of-hours pay; |
| l.  | awarding unpaid wages under New York State law for failure to pay timely wages; |
| m.  | awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due; |
| n.  | awarding Plaintiff statutory damages as a result of Defendant's failure to furnish accurate wage notice pursuant to the NYLL; |
| o.  | awarding Plaintiff pre- and post-judgment interest under the NYLL; |
| p.  | awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and |
| q.  | Such other relief as this Court deems just and proper. |

Dated: New York, New York
     May 2, 2023

Respectfully submitted,

By: /s/ Joshua Levin-Epstein
    Joshua Levin-Epstein
    Jason Mizrahi
    Levin-Epstein & Associates, P.C.
    60 East 42nd Street, Suite 4700
    New York, New York 10165
    Tel: (212) 792-0046

        Email: Joshua@levinepstein.com
*Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*